E-FILED
Monday, 11 January, 2010  08:09:04 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| JOHN E. BLAIR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   00-cr-10033 |
| | ) | 09-cv-1351 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's "Motion to Expunge Conviction Pursuant to Rule 33(b)(1)," ("Motion") originally filed under his criminal case before this Court.  (00-cr-10033, Doc. 47; 09-cv-1351, Doc. 1).  Petitioner's Motion alleges that the calculation of his sentence under 18 U.S.C. § 922(g) was illegitimately based on a prior conviction for burglary, which he claims is not a "violent felony" within the terms of § 922(g);[1] he appears to also make other arguments relating to his current health and the restoration of his civil rights following his 1983 discharge from parole or prison.

On October 16, 2009, this Court, out of an abundance of caution, ordered Respondent to respond to Petitioner's Motion under Rule 33(b)(1).  In addition, the Court read Petitioner's Motion as potentially raising a claim under 28 U.S.C. §

---

[1] There may also be an ineffective assistance of counsel claim alleged, as Petitioner argues that his attorney failed to challenge the government's classification of him as an "armed career criminal."  (00-cr-10033, Doc. 47; 09-cv-1351, Doc. 1).

2255, and so ordered Respondent to address this potential claim, as well.² (00-cr-10033, Doc. 48; 09-cv-1351, Doc. 3). Respondent has filed its ordered responses, and Petitioner has filed objections to Respondent's responses.³ (00-cr-10033, Docs 52 & 54; 09-cv-1351, Docs. 11 & 12). The Court now disposes of both matters in this Opinion & Order. For the following reasons, Petitioner's Motion under Rule 33(b)(1) is denied, and this Court has no jurisdiction at this time over any potential § 2255 claim that Petitioner raises, so it is also denied.

### FEDERAL RULE OF CRIMINAL PROCEDURE 33(B)(1)

As the Court noted in its October 16, 2009 Order, Federal Rule of Criminal Procedure 33 allows a court to vacate its judgment and grant a new trial on the defendant's motion, if justice so requires. This rule allows for the filing of this motion within seven days of conviction for most matters, and within three years of the date the defendant was convicted if the motion is based on newly discovered

---

² See Melton v. U.S., 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover.) (citing Ramunno v. U.S., 264 F.3d 723 (7th Cir. 2001) (emphasis in original). As Petitioner argues either that his "sentence was imposed in violation of the Constitution or laws of the United States,…or that the sentence was in excess of the maximum authorized by law," it appears that his claims fit squarely within § 2255. Therefore, it appears that, as discussed below, the Court has no jurisdiction to consider Petitioner's supposed Rule 33(b)(1) claims since they are really § 2255 claims. However, in the interest of thoroughness, the Court will go forward with its discussion of the fact that a Rule 33(b)(1) claim is time-barred.

³ Petitioner has also filed a Motion for Leave to Supplement his pending Motion, which is granted. (09-cv-1351, Doc. 9). The Court will consider the arguments raised in the Motion for Leave to Supplement.

evidence.[4]  FED. R. CRIM. PRO. 33(b)(1)-(2).  Petitioner was convicted in 2001, and filed his Motion eight years later, in 2009.  Petitioner's Motion under Rule 33(b)(1) is therefore time-barred.

Petitioner argues that the Court's October 16, 2009 Order "gave jurisdiction" over the Rule 33(b)(1) claim, and made the Motion "retroactive" such that it is no longer time-barred.  (00-cr-10033, Doc. 54 at 1, 3; 09-cv-1351, Doc. 12 at 1, 3).  The Court's Order did not have the claimed effect.  In an effort to ensure careful consideration of Petitioner's claims, the Court ordered Respondent to address whether the Rule 33(b)(1) claim was barred; the Court did not make any change to

---

[4] Petitioner claims that there is newly discovered evidence that justifies a Rule 33(b)(1) Motion.  Even if there were newly discovered evidence, Rule 33(b)(1) limits those claims to the three-year limitations period.

The Court also notes that Petitioner's alleged three pieces of "newly discovered evidence" would not be sufficient under Rule 33(b)(1) in any event: (1) an "addendum pursuant to Federal Civil Rules of Criminal Procedure Rule 15(a)(c) motion for 'downward departure,'" (2) his having been diagnosed with kidney disease in 2006, and (3) "generic burglary."  (00-cr-10033, Doc. 54 at 2; 09-cv-1351, Doc. 12 at 2).  It is not clear to what Petitioner refers in the first piece of "new evidence," but it does not appear to be "new evidence" under any interpretation.  The second is "new," but it is not relevant to the issue of whether he should be granted a new trial (or to whether his sentence should be reduced under Rule 35, which motion would also be untimely).

Finally, the meaning of Petitioner's citation of "generic burglary" is unclear.  It appears to refer to Petitioner's claim in his instant Rule 33(b)(1) motion that he was incorrectly sentenced as one who had three prior violent felony convictions based in part on a prior burglary conviction.  However, this claim is not based on new evidence, as the fact that the burglary conviction was used in the calculation of his sentence was obviously known at the time of sentencing.  Petitioner cites to a recent court case interpreting the meaning of "violent felony" within the Armed Career Criminal Act.  However, a new rule of law (to the extent that this case announced a new rule of law that is applicable here) is not "new evidence" to justify a new trial under Rule 33(b)(1).  U.S. v. Akins, 93-cr-0327, 1994 WL 148712, *2 (N.D. Ill. Apr. 12, 1994); 3 FED. PRAC. & PROC. CRIM. § 557 (3d ed.) (citing U.S. v. Shelton, 459 F.2d 1005, 1007 (9th Cir. 1972)) ("'newly discovered evidence'…does not include the discovery of a new issue of law.").

the timing requirements of the Rule. Indeed, Federal Rule of Criminal Procedure 45(b)(1)(B) provides that the Court may only grant an extension of time to file a motion for good cause "if the party failed to act because of excusable neglect." Petitioner has shown no such grounds for a finding of excusable neglect, and the Court has no good cause to extend Petitioner's time for filing a Rule 33(b)(1) motion. Petitioner's Rule 33(b)(1) Motion is therefore time-barred.

## 28 U.S.C. § 2255

As noted above, the Court found on October 16, 2009 that Petitioner's Motion could raise a claim under § 2255.[5] Even if it is construed as a motion under § 2255, though, Petitioner cannot proceed with his claims in this Court at this time. Under § 2255(h), "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals…" To the extent that Petitioner's Motion raises a § 2255 claim, it is barred by § 2255(h) as a second or successive motion.

On August 19, 2002, Petitioner filed a § 2255 motion, which the Court dismissed without prejudice on October 24, 2002, for failure to allege sufficient

---

[5] In United States v. Evans, the Seventh Circuit noted that, "When a prisoner who has yet to file a motion under § 2255 invokes Rule 33 but presents issues substantively within § 2255 ¶ 1, the district judge should alert the movant that this can preclude any later collateral proceedings and ask whether the prisoner wishes to withdraw the claim (or add any other arguments for collateral relief)." 2244 F.3d 670, 674 (7th Cir. 2000). In this case, no such warning was necessary, as Petitioner has previously filed two § 2255 motions, as will be discussed below. See also Melton v. U.S., 359 F.3d 855, 857 (7th Cir. 2004) ("recharacterizing a prisoner's *successive* collateral motions in the sentencing court as within the scope of § 2255 does not pose any similar risk") (emphasis in original). Further, Petitioner, whose arguments demonstrate that he understands the consequences of a second or successive § 2255 petition, acquiesced in the Court's reading of his Motion as potentially raising a § 2255 claim.

4

facts. (02-cv-1284, Doc. 6). The Court specifically granted Petitioner leave to re-file his Petition at a later date. As the Court noted in its October 16, 2009 Order, that motion does not bar a new § 2255 motion. (00-cr-10033, Doc. 48 at 2 fn. 1; 09-cv-1351, Doc. 3 at 2 fn. 1).

As pointed out by Respondent, though, on May 13, 2003, Petitioner filed a second § 2255 motion attacking his sentence in this Court. (03-cv-1158, Doc. 1). On August 26, 2003, the Court denied Petitioner's motion on the merits.[6] (03-cv-1158, Doc. 9). Thus, under § 2255(h), the Court has no jurisdiction to hear a third § 2255 Motion from Petitioner. Melton v. U.S., 359 F.3d 855, 857 (7th Cir. 2004) ("district court thus lacks jurisdiction to entertain any further collateral proceedings unless [the Court of Appeals] first grants permission"); Nunez v. U.S., 96 F.3d 990, 991 (7th Cir. 1996) ("The district court had no option other than to deny the [subsequent § 2255] petition. No matter how powerful a petitioner's showing, only [the Court of Appeals] may authorize the commencement of a second or successive petition."). If Petitioner wishes to proceed under § 2255, he must obtain approval from the Court of Appeals.

---

[6] Under Garrett v. United States, "in order for a habeas petition to be considered successive, the previous motion must have been denied on the merits. The district court must have engaged in substantive review." 178 F.3d 940, 942-43 (7th Cir. 1999) (citing O'Connor v. U.S., 133 F.3d 548, 550-51 (7th Cir.1998); Pratt v. U.S., 129 F.3d 54, 60 (1st Cir. 1997); Bennett v. U.S., 119 F.3d 470, 471 (7th Cir.1997)). In his 2003 § 2255 motion, Petitioner argued that, due to ineffective assistance of counsel, he did not knowingly and intelligently enter his guilty plea, that his trial counsel was ineffective for failing to investigate his prior convictions, and that his trial counsel was ineffective for failing to challenge his prior convictions at the sentencing hearing. The Court engaged in substantive review of each of these claims, and found that they were without merit. The Court's Order is attached to Respondent's Response, Appendix at 9-13. The Seventh Circuit denied Petitioner's appeal of the Court's ruling on April 7, 2004. (03-cv-1158, Doc. 19).

Petitioner argues that in this Court's October 16, 2009 Order, the Court "ordered [that the] petition previous filing of a 2255 petition will not bar his ability to pursue a 2255 petition at this time." (09-cv-1351, Doc. 9 at 2). It is true that in the October 16, 2009 Order, the Court, discussing Petitioner's 2002 § 2255 motion, stated that "Petitioner's previous filing of a § 2255 petition will not bar his ability to pursue a § 2255 petition at this time." In making that determination, though, the Court was only aware of the 2002 § 2255 motion, not the subsequent 2003 § 2255 motion, which, as discussed above, was denied on the merits and bars any subsequent § 2255 motions without leave from the Court of Appeals. Petitioner misunderstands the import of this footnote: it did not, nor does the Court have the power to, change the requirements of § 2255(h). See Nunez, 96 F.3d at 991 ("only [the Court of Appeals] may authorize the commencement of a second or successive petition"). The footnote was merely an attempt to clarify the circumstances of the present matter, and does not bind the Court's disposition of the present § 2255 Motion now that the 2003 § 2255 motion has been brought to the Court's attention. This Court therefore cannot hear Petitioner's potential § 2255 Motion.

## CONCLUSION

As the Court has found that Petitioner's Rule 33(b)(1) challenge is time-barred and his potential § 2255 challenge is a "second or successive" motion barred by § 2255(h), the Court need not discuss the merits of Petitioner's claims. Petitioner's Motion for Leave to Supplement (09-cv-1351, Doc. 9) is GRANTED.

Petitioner's Rule 33(b)(1) Motion (00-cr-10033, Doc. 47) and his § 2255 Motion (09-cv-1351, Doc. 1) are DENIED.

CASES TERMINATED.

Entered this <u>8th</u> day of January, 2010.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States District Judge